**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30218 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-00012-EJL-1 |
| v. | |
| MONTE G. HOFFMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho, Boise
Edward J. Lodge, District Judge, Presiding

Argued and Submitted February 5, 2019
Seattle, Washington

Before:  IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,[**] Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jennifer Choe-Groves, Judge for the Court of International Trade, sitting by designation.

Defendant-Appellant Monte G. Hoffman appeals the district court's order denying his motion to suppress evidence following a search incident to his arrest.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[2]

We review denials of motions to suppress de novo, *United States v. Dreyer*, 804 F.3d 1266, 1271 (9th Cir. 2015), and we review the district court's factual findings for clear error. *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006).

1.     Hoffman first argues that Trooper Edgley lacked reasonable suspicion to prolong the traffic stop. "[A] police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures," *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015), but law enforcement may prolong a traffic stop to investigate criminal activity so long as the prolongation is supported by independent reasonable suspicion. *See United States v. Evans*, 786 F.3d 779, 788 (9th Cir. 2015). "Reasonable suspicion 'exists when an officer is aware of specific, articulable facts which, when

---

[1]     Because the parties are familiar with the facts and arguments on appeal, we do not recite them here.

[2]     Hoffman filed a Motion to Strike challenging three factual assertions in the Government's Answering Brief. Because we find these assertions are unsupported by the record, we grant the Motion to Strike pursuant to both Fed. R. App. P. 28(a)(8)(A) and Ninth Circuit Rule 28-2.8.

2

considered with objective and reasonable inferences, form a basis for *particularized* suspicion.'" *Id.* (quoting *United States v. Montero–Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc)) (emphasis in original). When evaluating whether reasonable suspicion exists, we consider the totality of the circumstances. *United States v. Sokolow*, 490 U.S. 1, 8 (1989). We do not ask whether Hoffman can counter the Government's facts with innocent explanations, but whether, under the totality of the circumstances, the Government's facts give rise to reasonable suspicion. *See id.* at 10; *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983).

Trooper Edgley's requests for a canine unit were unrelated to the mission of the traffic stop and effectively prolonged it. However, Hoffman's prior visit to a suspected drug house, his contentious demeanor, his driving a car registered to an absent third party, the difference between the city where he initially claimed to stay and the address on his license, and his inability to remember his address and apartment number are all facts that, when viewed together under the totality of the circumstances, provided Trooper Edgley with sufficient reasonable suspicion of criminal activity to prolong the initial stop. These same facts justify Trooper Edgley's subsequent prolongation to request the criminal histories and probation statuses of both Hoffman and his passenger, which immediately followed the

3

requests for a canine unit. Finally, because the criminal history and probation status checks revealed a possible probation violation, we conclude that Trooper Edgley's investigation into this possible probation violation was likewise justified.

2. Hoffman next argues the decision to frisk was unconstitutional. "[A] police officer who reasonably believes that a suspect could be 'armed and presently dangerous' may frisk the suspect 'to determine whether the person is . . . carrying a weapon.'" *United States v. Hartz*, 458 F.3d 1011, 1018 (9th Cir. 2006) (quoting *Terry v. Ohio*, 392 U.S. 1, 24 (1968)) (alteration in original). "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27. "[D]ue weight must be given . . . to the specific reasonable inferences which [the officer] is entitled to draw from the facts in light of his experience." *Id*. We conclude that Hoffman's increasingly combative behavior, furtive movements in the vehicle, and his repeated attempts to place his hands in his pockets against Trooper Edgley's repeated instructions justified the decision to initiate a *Terry* frisk.

3. Finally, Hoffman argues the frisk itself was unconstitutional. A *Terry* frisk "must be strictly 'limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.'" *Minnesota v.*

*Dickerson*, 508 U.S. 366, 373 (1993) (quoting *Terry*, 392 U.S. at 26). "The sole justification of the search . . . is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover . . . hidden instruments for the assault of the police officer." *Terry*, 392 U.S. at 29.

Trooper Edgley's frisk was permitted under *Terry*. During the frisk, Hoffman repeatedly attempted to reach into his pockets. When expressly asked, Hoffman was unable to identify the objects that Trooper Edgley encountered during his pat-down of each pocket. While an officer may not conduct a "continued exploration" of a defendant's pocket "*after* having concluded that it contain[s] no weapon," *Dickerson*, 508 U.S. at 378 (emphasis added), Trooper Edgley's removal of then-unidentified objects that he had *not yet* ruled out as a weapon was not unconstitutional.

**AFFIRMED.**